# **EXHIBIT D**

Susan J. Kivelson
Associate General Counsel and Director
(646) 556-0858

June 21, 2019

**VIA OVERNIGHT MAIL**
Jordan Fletcher, Esq.
Fletcher Law, PLLC
154 Grand Street
New York, NY 10013

RE: *Muddy Waters Capital LLC v. John Does 1-10*, Case No: 3:19-CV-01293 (N.D. Cal.)

Dear Mr. Fletcher:

I am writing in response to the non-party subpoena for documents (the "Subpoena") served by the Plaintiff (the "Plaintiff") on Merrill Lynch Professional Clearing Corp. ("Merrill Lynch Pro") in connection with the above-referenced action (the "Action"). This letter sets forth Merrill Lynch Pro's responses and objections to the Subpoena and the requests therein.

## GENERAL OBJECTIONS

Merrill Lynch Pro asserts the following general objections (the "General Objections") to Plaintiff's request. The General Objections are incorporated into each of the Specific Responses and Objections (the "Response") as set forth below and, therefore, any failure to repeat the General Objections in the Response shall not be deemed a waiver. In addition, the Response is made to the best of Merrill Lynch Pro's knowledge at the present time, and Merrill Lynch Pro explicitly reserves the right to revise, amend, correct, supplement or clarify its responses, objections and production, including the right to redact any documents that may be produced in response to this request, when and if it becomes necessary. Any supplemental or amended response shall not function as a waiver of any privilege, immunity or objection.

1.  Merrill Lynch Pro, which is not a party to the above-referenced Action, objects to the Subpoena to the extent it is duplicative of requests served or that will be served on parties to this Action.

2.  Merrill Lynch Pro objects to the Subpoena to the extent it unnecessarily burdens Merrill Lynch Pro with unreasonable, cumulative and duplicative requests.

Bank of America, NY1-050-07-03
50 Rockefeller Plaza, New York, NY 10020



Jordan Fletcher, Esq.
June 21, 2019
Page 2

     3.     Merrill Lynch Pro objects to the date, time and place identified for production of documents because they fail to allow reasonable time for compliance in light of the broad scope of discovery sought by the Subpoena. The production of documents—if any at all—will be at a date, time and place mutually agreeable to Merrill Lynch Pro and Plaintiff.

     4.     Merrill Lynch Pro objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, or any other applicable privileges and/or immunities from discovery. Inadvertent production of any such information shall not constitute a waiver of any privilege, protection, or immunity. None of Merrill Lynch Pro's responses are intended as, or should be construed to be, a waiver of all or any part of any privilege or protection.

     5.     Merrill Lynch Pro objects to the Subpoena to the extent that it seeks documents reflecting, containing or derived from confidential or proprietary business information, analysis and/or research. Disclosure of such information could adversely affect the competitive business position of Merrill Lynch Pro and/or reveal proprietary Merrill Lynch Pro information. Merrill Lynch Pro further objects to the extent the Subpoena requests information Merrill Lynch Pro is legally or contractually obligated to keep confidential and to the extent any requested information may give rise to potential Merrill Lynch Pro contractual, civil, or other liability. No protective order currently exists between Merrill Lynch Pro and the parties to the above-referenced lawsuit, and Merrill Lynch Pro will not produce confidential or proprietary business information except subject to an appropriate protective order which, *inter alia*, specifically precludes Plaintiff's counsel, experts, agents and other representatives from using documents (or information derived therefrom) produced by Merrill Lynch Pro to Plaintiff in any other lawsuit.

     6.     Merrill Lynch Pro objects to each and every request calling for "all" documents as overly broad and unduly burdensome. Such requests seek literally every piece of information in Merrill Lynch Pro's files that could relate to a particular request. It is not practicable to review every document in Merrill Lynch Pro's possession to determine if any are responsive to one of the Subpoena's vague and ambiguous requests. To the extent that it undertakes to review and produce any documents, Merrill Lynch Pro will use reasonable diligence to identify responsive documents currently in its possession, custody, or control based on an examination of those files reasonably expected to yield responsive documents.

     7.     Merrill Lynch Pro objects to the Subpoena to the extent it is vague, ambiguous, and unduly burdensome or fails to describe the information sought with reasonable particularity.

     8.     Merrill Lynch Pro objects to producing any documents without Plaintiff's agreement to pay for the reasonable costs of collecting, reviewing and producing them. As the requesting party, the Plaintiff is responsible for offsetting Merrill Lynch Pro's costs in responding to the Subpoena.

Bank of America

Jordan Fletcher, Esq.
June 21, 2019
Page 3

9. Merrill Lynch Pro objects to the Subpoena to the extent it seeks documents that are (i) publicly available from any source, (ii) already in Plaintiff's possession, custody, or control, (iii) are duplicative of documents already produced in litigation; and (iv) in any other way available to Plaintiff from the parties to this action or other sources.

10. Merrill Lynch Pro objects to each and every definition, instruction, and request to the extent it purports to impose obligations on Merrill Lynch Pro that differ from or exceed those in applicable court rules or orders.

11. Merrill Lynch Pro objects to Plaintiff's definition of the term "You" as overly broad, vague and unduly burdensome insofar as it purports to encompass natural persons and entities other than Merrill Lynch Professional Clearing Corp. For purposes of this Subpoena, Merrill Lynch Pro has construed the requests as calling solely for documents of Merrill Lynch Professional Clearing Corp.

12. Merrill Lynch Pro objects to the Subpoena's definition of "Prime Brokerage Agreement" to the extent it involves any bank entity other than Merrill Lynch Pro.

13. Merrill Lynch Pro objects to the Subpoena's definition of "December 15 Transactions" to the extent it involves any bank entity other than Merrill Lynch Pro.

14. Merrill Lynch Pro objects to the Subpoena's definition of "Short Casino Bonds" on the grounds that it is vague and ambiguous and to the extent it involves any bank entity other than Merrill Lynch Pro.

15. Merrill Lynch Pro objects to the Subpoena's definitions of "Document" and "Communication" on the grounds that they are vague, ambiguous, overbroad, unduly burdensome and to the extent they seek information that is not reasonably accessible under the circumstances and/or seek to impose obligations different than those in applicable court rules.

16. Merrill Lynch Pro objects to the Subpoena's definition of "Identify with respect to "persons", "business entities" or "documents" to the extent it requests information that is confidential, proprietary or subject to any privilege or applicable immunities from discovery.

17. Merrill Lynch Pro objects to the Subpoena's definitions of "Parties" and "Person" on the grounds that they are overly broad and unduly burdensome.

18. Merrill Lynch Pro objects to the time period of December 1, 2015 through present as overly broad.

19. Merrill Lynch Pro reserves the right to revise, amend, correct, supplement, or clarify its responses, objections, and production, including the right to redact any documents that

Bank of America

may be produced in response to these requests.

20.  Merrill Lynch Pro reserves all other unarticulated objections.

21.  Merrill Lynch Pro hereby incorporates each and every one of these General Objections into the Specific Responses and Objections below.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

Provide all documents and communications concerning or reflecting the identity - including but not limited to name, address, email address, and telephone contact information, and any identifying account numbers or information - of any parties, including third parties, who, whether on their own behalf or on behalf of others, (a) placed bids to purchase the Shorted Casino Bonds from Plaintiff or You, or (b) purchased Shorted Casino Bonds from Plaintiff or You, in connection with the December 15 Transactions.

### RESPONSE TO REQUEST NO. 1:

Merrill Lynch Pro incorporates its General Objections and further objects to this request on the grounds that it is overly broad and unduly burdensome. Merrill Lynch Pro also objects to Request No. 1 on the grounds that it requests information that is confidential or proprietary or otherwise subject to applicable immunities from discovery. Merrill Lynch Pro further objects to Request No. 1 to the extent it requests information not in its possession, custody or control.

### REQUEST NO. 2:

To the extent not produced in response to the above request, identify all individual representatives of third parties with whom any of Your employees, agents, and/or representatives communicated concerning (a) bids placed by such third parties to purchase the Shorted Casino Bonds from Plaintiff or You, or (b) the purchase of Shorted Casino Bonds from Plaintiff or You, in connection with the December 15 Transactions.

### RESPONSE TO REQUEST NO. 2:

Merrill Lynch Pro incorporates its General Objections and further objects to this request on the grounds that it is overly broad and unduly burdensome. Merrill Lynch Pro also objects to Request No. 2 on the grounds that it requests information that is confidential or proprietary or otherwise subject to applicable immunities from discovery. Merrill Lynch Pro further objects to Request No. 2 to the extent it requests information not in its possession, custody or control.

### REQUEST NO. 3:

To the extent not produced in response to the above request, identify all of Your employees, agents, and representatives who (a) arranged or executed trades, or (b) communicated with third parties, in connection with the December 15 Transactions.

**RESPONSE TO REQUEST NO. 3:**
    Merrill Lynch Pro incorporates its General Objections and further objects to this request on the grounds that it is overly broad and unduly burdensome. Merrill Lynch Pro also objects to Request No. 3 on the grounds that it requests information that is confidential or proprietary or otherwise subject to applicable immunities from discovery. Merrill Lynch Pro further objects to Request No. 3 to the extent it requests information not in its possession, custody or control.

**REQUEST NO. 4:**
    To the extent not produced in response to the above request, provide all documents and communications reflecting transaction records concerning Your acquisition or reservation of the Shorted Casino Bonds for Plaintiff's use in the December 15 Transactions.

**RESPONSE TO REQUEST NO. 4:**
    Merrill Lynch Pro incorporates its General Objections and further objects to this request on the grounds that it is vague and ambiguous. Merrill Lynch Pro further objects to Request No. 4 to the extent it requests information not in its possession, custody or control.

**REQUEST NO. 5:**
    To the extent not produced in response to the above requests, provide all documents and communications reflecting transaction records concerning the sale - by Plaintiff, You, or any third party - of the Shorted Casino Bonds in the December 15 Transactions.

**RESPONSE TO REQUEST NO. 5:**
    Merrill Lynch Pro incorporates its General Objections and further objects to this request on the grounds that it is vague and ambiguous. Merrill Lynch Pro further objects to Request No. 5 to the extent it requests information not in its possession, custody or control.

**REQUEST NO. 6:**
    To the extent not produced in response to the above requests, provide all documents and communications reflecting communications - whether exclusively within/among Yourself, or between/among You and any third parties - concerning the Shorted Casino Bonds or the December 15 Transactions.

**RESPONSE TO REQUEST NO. 6:**
    Merrill Lynch Pro incorporates its General Objections and further objects to this request on the grounds that it is vague and ambiguous. Merrill Lynch Pro further objects to Request No. 6 to the extent it requests information not in its possession, custody or control.

### RESERVATION OF RIGHTS

    Merrill Lynch Pro reserves the right to amend and supplement these objections and responses. Moreover, Merrill Lynch Pro's objections to the Subpoena shall not be deemed a waiver or limitation on any of Merrill Lynch Pro's rights.

Merrill Lynch Pro is willing to meet and confer in good faith concerning these objections.

Sincerely,

*Susan J. Kivelson /srsk*

Susan J. Kivelson